BARBER SECURITIES CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 100844.   Promulgated October 28, 1941.

*Herman Goldman, Esq.,* and *Milton J. Levitt, Esq.,* for the petitioner.

*Dean P. Kimball, Esq.,* for the respondent.

524

OPINION.

Van Fossan: The questions raised for decision are two: Whether it is practicable to apportion a part of the cost to petitioner of the units of the Chase Bank and Amerex stock to the Amerex stock sold by petitioner during the taxable year; and similarly, whether it is practicable to apportion a part of the cost to petitioner of the units of Commercial Bank and Commercial Corporation stock to the Commercial Corporation stock which was liquidated during the taxable year. The problems with respect to the practicability of apportionment are identical in the case of both pairs of corporations. Petitioner cites article 22 (a)–8 of Regulations 94.[1] The respondent suggests that if apportionment is practicable, article 1567 of Regulations 62 (1921)[2] is the nearest approach to the rule. He contends, however, that the facts do not permit an apportionment.

It will be at once observed that article 22 (a)–8 of Regulations 94 does not purport on its face to deal with a situation such as we have before us. In fact, neither the Revenue Act of 1936 nor the regulations promulgated thereunder specifically cover the instant case. However, in *H. A. Green*, 33 B. T. A. 824, addressing itself to the question of apportionment in a case arising under the 1928 Act, the Board observed:

> There is no provision in the statute (Revenue Act of 1928) directing either an apportionment of cost between two or more kinds of property received in a non-taxable exchange, nor is there any statutory authorization for deferring the reporting of a profit where an apportionment is impracticable. However, for a number of years the respondent's regulations have provided for apportionment of cost under various circumstances and for the deferment of recognition of gain until full cost is recovered where apportionment is impracticable. See art. 39,

[1] ART. 22 (a)–8. *Sale of stock and rights.*—* * * If common stock is received as a bonus with the purchase of preferred stock or bonds, the total purchase price shall be fairly apportioned between such common stock and the securities purchased for the purpose of determining the portion of the cost attributable to each class of stock or securities, but if that should be impracticable in any case, no profit on any subsequent sale of any part of the stock or securities will be realized until out of the proceeds of sales shall have been recovered the total cost.

[2] ART. 1567. *Gain or loss from subsequent sale.*—(a) Where property is exchanged for other property and no gain or loss is recognized under articles 1564 or 1566 the property received shall for the purpose of determining gain or loss from its subsequent sale be treated as taking the place of the property exchanged therefor. But see article 1568. For exchange of property acquired prior to March 1, 1913, see article 1561. If property is exchanged for two kinds of property and no gain or loss is recognized under articles 1564 or 1566 the cost of the original property should be apportioned, if possible, between the two kinds of property received in exchange for the purpose of determining gain or loss upon subsequent sale. If no fair apportionment is practicable, no profit on any subsequent sale of any part of the property received in exchange is realized until out of the proceeds of sale shall have been recovered the entire cost of the original property. * * *

Regulations 45; arts. 39, 1567, Regulations 62; art. 39, Regulations 65 and 69. The validity of these regulations has been recognized. See *Salvage* v. *Commissioner*, 76 Fed. (2d) 112, and cases there cited. Article 1567 of Regulations 62, interpreting the Revenue Act of 1921, provided in part as follows:

> \* \* \* the proportion of the original cost, or other basis, to be allocated to each class of new securities is that proportion which the *market value* of the particular class bears to the *market value* of all securities received on the date of the exchange. \* \* \* [Italics supplied.]

Regulations issued under subsequent revenue acts do not contain the exact language that appears in the foregoing quotation. It has been held, however, that the quoted provision lays down a principle that is equally applicable in determining gain or loss under subsequent revenue acts. See I. T. 2335, C. B. VI–1, p. 18, so holding with respect to the Revenue Act of 1926, which we approved in *Glenn H. Curtiss*, 21 B. T. A. 629; affd., 57 Fed. (2d) 847, a case arising under the Revenue Act of 1924; *Sallie Strickland Tricou*, 25 B. T. A. 713, involving the Revenue Act of 1926. Cf. *Edwin D. Axton*, 32 B. T. A. 613, a case under the Revenue Act of 1928.

There is thus ample authority for an apportionment if the same be practicable. See *Stanley Hagerman*, 34 B. T. A. 1158; affd., 102 Fed. (2d) 281.

The parties have stipulated the book values as of the date of acquisition by petitioner of the stock of the Chase Bank and Chase Securities and similarly as to the Commercial Bank and the Commercial Corporation. They further stipulate, however, that the book figures do not reflect appreciation or depreciation in market value above or below cost of the underlying assets. Proof of market value as of the date of the acquisition of the stocks is essential to our inquiry. We believe this lack of proof to be a fatal bar to petitioner's contention. We do not know when the underlying assets were acquired, but, considering the history of the times before and after 1930, of which we take judicial notice, we can not assume that the book values represent true market values. Hence, the book figures can not be accepted as showing the true value of the shares of the separate corporations. There is no opinion evidence of values nor any record of separate earnings of the securities companies. Accordingly, there is no factual basis upon which we can apportion petitioner's cost. *Edwin D. Axton*, 32 B. T. A. 613. Cf. *De Coppet* v. *Helvering*, 108 Fed. (2d) 787; also *Stanley Hagerman*, *supra*, where the Board was furnished with opinions of market value, the separate earnings of the Security Co., and other forms of evidence not presented here.

The above result follows whether the basic date be considered to be the year 1930, as contended by petitioner, or 1934, as contended by respondent. The respondent is sustained.

*Decision will be entered under Rule 50.*